UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 14-211-DLB

APRIL LEWIS                                                                                    PLAINTIFF

vs.                               MEMORANDUM OPINION & ORDER

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                               DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, will **affirm** the Commissioner's decision, as it supported by substantial evidence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff April Lewis applied for disability insurance benefits (DIB) on November 29, 2011, alleging disability beginning on July 25, 2011. (Tr. 61-62). Plaintiff was 48 years old at the time of filing. (Tr. 61). Plaintiff alleges that she is unable to work due to lumbar spine degenerative disc disease, adhesive capsulitis of the shoulders, migraines, obesity, depression, and anxiety. (Tr. 12).

Plaintiff's application was denied initially and again on reconsideration. (Tr. 61-75; 76-92). At Plaintiff's request, an administrative hearing was conducted on July 22, 2013 before Administrative Law Judge (ALJ) Gregory G. Kenyon. (Tr. 27-60). On September

18, 2013 ALJ Kenyon ruled that Plaintiff was not disabled and therefore not entitled to DIB. (Tr. 7-21). This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on October 28, 2014. (Tr. 1-3).

Plaintiff filed the instant action on December 24, 2014. (Doc. # 1). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 11, 12).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

To determine disability, the ALJ conducts a five-step analysis. Step 1 considers whether the claimant can still perform substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether a significant number of other jobs exist in the national economy that the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner to identify "jobs in the economy that accommodate [Plaintiff's] residual functional capacity." *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 25, 2011, the alleged onset date. (Tr. 12). At Step 2, the ALJ determined that Plaintiff has the following severe impairments: lumbar spine degenerative disc disease, adhesive capsulitis of the shoulders, migraines, obesity, depression, and anxiety. (Tr. 12). At Step 3, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 12).

At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform less than the full range of light work, as defined in 20 C.F.R. § 404.1567(b). (Tr. 15). The ALJ found the following limitations to Plaintiff's ability to perform light work:

> "(1) occasional crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, or scaffolds; (4)[1] no work around hazards such as unprotected heights or dangerous machinery; (5) no exposure to loud noise; (6) frequent overhead reaching; (7) limited to performing unskilled, simple, repetitive tasks; (8) occasional contact with co-workers and supervisors; (9) no public contact; (10) no jobs involving teamwork or tandem tasks; (11) no jobs involving sales transactions or negotiations; (12) no jobs involving rapid production pace work or strict production quotas; and (13) limited to performing jobs in a relatively static work environment in which there is very little, if any, change in the job duties or the work routine form one day to the next."

(Tr. 15). Based upon this RFC, the ALJ concluded that Plaintiff is unable to perform her past relevant work as an eligibility specialist, administrative assistant, medical assistant, and preschool teacher. (Tr. 19).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that Plaintiff was 48 years old on the alleged disability onset date, which is defined as a younger individual. (Tr. 20); *see also* 20 C.F.R. § 404.1563(c). The ALJ also found that Plaintiff has at least a high school education and is able to communicate in English. (Tr. 20). Relying on the testimony of a vocational expert (VE) and considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are a significant number of jobs in the national economy that Plaintiff could perform. (Tr. 20-21). The ALJ therefore concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date through the date of her decision. (Tr. 21).

**C. Analysis**

Plaintiff argues that the ALJ committed two errors. First, she argues that he erred

---

1) The ALJ's opinion appears to have inadvertently skipped the number "3" in its serial listing of Plaintiff's light work limitations.

4

by failing to give controlling weight to the opinion of Ms. Lewis's treating medical provider. (Doc. #11 at 1). Second, Plaintiff claims that the ALJ should be reversed because substantial evidence supports her psychological disability.[2] (Doc. #11 at 1). Each argument will be addressed in turn.

### 1. The ALJ did not err in discounting the treating physician's opinion regarding Plaintiff's disability and mental health impairments.

Plaintiff argues that the ALJ erred by not giving controlling weight to the opinion of Dr. Baluyot, her treating physician.[3] (Doc. #11 at 10). However, because the ALJ gave good reasons for discounting the treating physician's opinion, his decision is supported by substantial evidence.

Ordinarily, a treating physician's opinion is given controlling weight if it is well-supported and not contradicted by other evidence. 20 C.F.R. § 404.1527(c)(2). But the ALJ is not bound by a treating physician's opinion that is inconsistent with the substantial evidence in a case. *See* 20 C.F.R. § 404.1527(c)(2)-(6); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994)(holding that the Commissioner "is not bound by treating physicians' opinions, especially when there is substantial medical evidence to the contrary."); *accord Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992); *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990). To discount the treating physician's opinion, the ALJ needs to give "good

---

2) Plaintiff does not challenge the ALJ's findings related to her lumbar spine degenerative disc disease, adhesive capsulitis of the shoulders, obesity, or migraines. Accordingly, the Court will consider only the ALJ's findings as they apply her mental impairments, namely anxiety and depression. *See Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (holding issues for which no argumentation is attempted, or for which argumentation is merely perfunctory, are deemed waived) (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996).

3) The parties do not dispute that Dr. Baluyot was a treating physician.

reasons" for doing so. See *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 380 (6th Cir. 2013) (holding that the Commissioner must provide "good reasons" when it gives little weight to a treating physician's opinion)(citing *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011).

Here, the ALJ has provided good reasons for giving little weight to Dr. Baluyot's opinion, and those reasons are supported by substantial evidence. Dr. Baluyot initially gave Plaintiff a Global Assessment of Functioning (GAF) score of 30. (Tr. 387). A GAF score of 30 indicates an individual whose behavior is considerably influenced by delusions or hallucinations and who has serious impairments to communication and judgment. AM. PSYCHIATRIC ASS'N, DIAGNOSTIC & STATISTICAL MANUAL OF MENTAL DISORDERS 34 (4th ed. 1994). A person with that score may also exhibit an inability to function in almost all areas. *Id.* The ALJ found that nothing in the record supported Dr. Baluyot's GAF score of 30 for Plaintiff. (Tr. 18). The ALJ determined that the Plaintiff did not exhibit the type of "frank psychosis" typically associated with a score that low, and that Plaintiff's level of functioning was also too high for such a score. (Tr. 18).

Moreover, all of the other mental evaluations that Plaintiff received found Plaintiff to have a GAF score of at least 50. (Tr. 19; 414; 426; 718). This includes subsequent evaluations by Dr. Baluyot, who determined that Plaintiff was improving and showing only moderate symptoms. (Tr. 18; 541). Dr. Baluyot's later evaluations raised Plaintiff's GAF score to 55 (Tr. 426). Accordingly, the ALJ properly discounted Dr. Baluyot's initial GAF score of 30.

As for Dr. Baluyot's determination that Plaintiff was totally disabled, this conclusion is not entitled to any special weight. Opinions on issues that are reserved for the

6

Commissioner, such as the ultimate disability decision, are given no special weight, even when they come from treating sources. 20 C.F.R. § 404.1527(d)(1).

Additionally, Plaintiff claims that the ALJ erred by discounting the opinion of Dr. McCann, who provided her with a consultative examination. However, the ALJ properly weighted Dr. McCann's opinion in this matter, and permissibly discounted it because the substantial evidence conflicted with his opinion. Dr. McCann met with the Plaintiff once, and is thus entitled to the weight given an examining physician. 20 C.F.R. § 404.1527(c)(1). However, the ALJ noted that Dr. McCann's GAF score for Plaintiff was a 55, high enough to perform competitive work activity, and that Plaintiff's presentation and level of functioning during that examination were not consistent with total disability. (Tr. 19). Further, the ALJ noted that Dr. McCann's determination that Plaintiff should seek disability benefits is not the same as him saying that Plaintiff is totally disabled.[4] (Tr. 19). Thus, the ALJ properly gave his opinion only some weight in making his disability determination. (Tr. 19).

### 2. Substantial evidence supports the ALJ's RFC determination.

Plaintiff argues that the ALJ erred by failing to find her disabled since substantial evidence supports her disability. Of course, it does not matter if the substantial evidence does support her disability so long as it also supports her not being disabled. *Her*, 203 F.3d at 389-90 (holding that "[e]ven if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably

---

4) As previously noted, even if Dr. McCann was claiming that Plaintiff was totally disabled, the ultimate disability determination is reserved for the ALJ; the disability determinations of others are not entitled to any special weight. *See* 20 C.F.R. § 404.1527(d)(1).

7

support the decision reached)(citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997); *accord Smith*, 99 F.3d 782; *Listenbee*, 846 F.2d at 349. As a result, it does not matter if Plaintiff, or even this Court, believes substantial evidence supports a different disability determination. All that is required of the ALJ is that he support his decision with substantial evidence. The ALJ has done so here.

At Step 4 of his analysis, the ALJ carefully reviewed the record and found that Plaintiff was capable of doing light work with the limitations specified. (Tr. 15). As noted above, he properly discounted the opinions of Drs. Baluyot and McCann. He indicated, and the evidence supports, that Plaintiff's proper GAF score was somewhere between 50 and 55, indicating moderate levels of impairment. (Tr. 18-19). In addition to these scores and Dr. Baluyot's notes that Plaintiff was improving, the ALJ relied on the opinions of Drs. Laboy and Vandivier, who both agreed Plaintiff had mild to moderate limitations, but could perform work so long as certain limitations were permitted. (Tr. 18-19). The ALJ found that Dr. Baluyot's progress notes were inconsistent with her findings regarding Plaintiff's ability to work, and that Dr. McCann's GAF score of 55 was consistent with a claimant capable of performing competitive work activity. Accordingly, the substantial evidence here supports the ALJ's determination that Plaintiff was not disabled.

### III. CONCLUSION

For the reasons stated herein, the Court concludes that the ALJ's finding that Plaintiff was not disabled for purposes of the Social Security Act was supported by substantial evidence. Accordingly, for the reasons stated,

**IT IS ORDERED** as follows:

1.	The decision of the Commissioner is supported by substantial evidence and is hereby **AFFIRMED**;

2.	Plaintiff's Motion for Summary Judgment (Doc. # 11) is hereby **DENIED**;

3.	Defendant's Motion for Summary Judgment (Doc. # 12) is hereby **GRANTED**;

4.	A Judgment affirming this matter will be entered contemporaneously herewith.

This 16th day of February, 2016.



G:\DATA\SocialSecurity\MOOs\Covington\14-211 Lewis MOO.wpd